*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

Submitted December 23, 2022, affirmed February 1, 2023

In the Matter of M. S.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

M. S.,
*Appellant.*

Multnomah County Circuit Court
22CC00644; A178028

Jenna R. Plank, Judge.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before Egan, Presiding Judge, and Kamins, Judge, and Hadlock, Judge pro tempore.

EGAN, P. J.

Affirmed.

**EGAN, P. J.**

In this involuntary commitment case, appellant appeals a judgment committing her to the Oregon Health Authority for a period not to exceed 180 days, based on her being unable to provide for her basic needs due to a mental disorder. *See* ORS 426.130(1)(a)(C); ORS 426.005(1)(f)(B). She does not contest that she has a mental disorder, but she argues that the state failed to establish that she was unable to provide for her basic needs. As explained below, the record supports the trial court's determination that appellant suffered from a mental disorder such that she was unable to meet her basic needs. Accordingly, we affirm.

The trial court may involuntarily commit a person if it determines by clear and convincing evidence that the person is a "person with a mental illness." ORS 426.130(1)(a)(C). A "person with a mental illness" is someone who suffers from a "mental disorder" and, as a result of that disorder, is "[u]nable to provide for basic personal needs that are necessary to avoid serious physical harm in the near future, and is not receiving such care as necessary to avoid such harm." ORS 426.005(1)(f)(B).

"Serious physical harm" is "bodily harm that is serious enough that a person who suffers that harm is unsafe in the absence of commitment, treatment, or other amelioration of the physical condition." *State v. M. A. E.*, 299 Or App 231, 239, 448 P3d 656 (2019). The "serious physical harm" does not need to be immediate to justify involuntary commitment; the evidence is sufficient to support commitment if "the person's mental disorder, and resulting lack of ability to provide for basic needs, puts the person at risk of [serious physical harm] in the near future." *Id.* at 240.

Appellant did not request that the court review her case *de novo*, nor would we do so, as this is not an exceptional case justifying such review. *See* ORAP 5.40(8)(C) (providing that the court will exercise its discretion to review *de novo* "only in exceptional cases"). Accordingly, "[w]e review whether the state presented sufficient evidence to support appellant's civil commitment for legal error and are bound by the trial court's factual findings that are supported by

evidence in the record." *State v. C. M. C.*, 301 Or App 206, 207, 454 P3d 30 (2019).

At the commitment hearing, the state presented the following evidence: Appellant has been diagnosed with schizoaffective disorder and has a history of multiple hospitalizations. During the three days preceding the instant hospitalization, appellant did not sleep, eat, or drink, because she believed that her food and water were poisoned; ran outside in the cold without shoes or a coat and hid in her neighbor's bushes throughout the night; urinated and defecated in the living room of her home, because she believed there was acid on the toilet seat; and locked her partner in a bedroom, because she believed her partner was dangerous. Appellant's partner called a crisis line several times during those three days, and appellant's mental health counselor came to her home three times, observing appellant outside in the cold in shorts and a t-shirt. On the last visit, the counselor found appellant inside her home with her pants around her knees, exposing herself, looking very pale, sweating, and disoriented.

At the conclusion of the hearing, the trial court found that appellant was unable to care for her basic needs, and it entered a judgment committing appellant to the Oregon Health Authority for a period not to exceed 180 days.

On appeal, appellant argues that the evidence was insufficient to support commitment, because it was too speculative that her eating and drinking habits would lead to serious physical harm in the near term. Appellant also argues that she was not at risk of suffering physical harm based on "dehydration, starvation, a lack of housing, or a lack of adequate medical care," because her lab results upon admission to the hospital did not show signs of malnutrition.

We conclude that the state presented evidence from which a rational factfinder could find that it was highly probable that appellant was unable to provide for her basic needs and was at a nonspeculative risk of serious physical harm in the near future. That included evidence that appellant was not eating or drinking before her hospitalization and that, due to her mental disorder, she believed her food and water were poisoned. Appellant also testified at trial that she did

not have a mental disorder and would not take medications for her mental disorder or diabetes. That evidence, paired with the testimony that appellant does not eat or drink because of her delusions, was sufficient to allow the trial court to infer that appellant would be at risk of suffering physical harm that would compromise her ability to safely survive in the near future if she were released from hospitalization. *See State v. M. A. E.*, 299 Or App 231, 242, 448 P3d 656 (2019) (when the evidence showed that an appellant would be unable to make food arrangements due to a mental disorder, "the trial court could infer, as a matter of common knowledge, that a person who literally does not eat will soon be at risk of suffering serious physical harm—of a sort that compromises the person's ability to safely survive—in the near future"); *see also State v. N. S.*, 306 Or App 140, 148, 472 P3d 818 (2020) ("[W]hen an individual cannot function without medications, refusal to take them is evidence of an inability to provide for basic personal needs.").

Additionally, appellant refused to articulate a plan for finding shelter, and appellant's partner indicated that appellant could not return to their home, as it would be unsafe for the partner. Houselessness, on its own, is not a sufficient ground for commitment. *State v. M. B.*, 300 Or App 522, 528, 452 P3d 1006 (2019). But shelter is a basic need, *N. S.*, 306 Or App at 147, and that evidence, along with the evidence discussed above, further supported the trial court's determination that, because of a mental disorder, appellant could not meet her basic needs such that there was a non-speculative risk of serious harm. Therefore, the trial court did not err by committing appellant.

Affirmed.